Form 3015-1 - Chapter 13 Plan

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

**CHAPTER 13 PLAN-MODIFIED**

In re:
**Ricky Ray Schmatz**

Dated: **February 13, 2015**

DEBTOR

Case No. **14-44676**

*In a joint case,*
*debtor means debtors in this plan.*

1. **DEBTOR'S PAYMENTS TO THE TRUSTEE** —
   a. As of the date of this plan, the debtor has paid the trustee $ **500.00** .
   b. After the date of this plan, the debtor will pay the trustee $ **250.00** per **Month** for **58** months, **beginning February 2015**, for a total of $ **14,500.00** . The minimum plan payment length is **X** 36 or __ 60 months from the date of the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee __
   d. The debtor will pay the trustee a total of $ **15,000.00**   [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE** — The trustee will pay from available funds only creditors for which proof of claim have been filed. The trustee may collect a fee of up to 10% of plan payments, or $ **1,500.00** , [line 1(d) x .10].

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** — The trustee will promptly pay from available funds adequate protection payments to creditors holding allowed claims secured by personal property, according to the following schedule, beginning in month one (1).

   | Creditor | Monthly Payment | Number of Months | Total Payments |
   |---|---|---|---|
   | -NONE- | $ | | $ |
   | a. TOTAL | | | $ 0.00 |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** — The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in ¶ 7.

   | Creditor | Description of Property |
   |---|---|
   | a. JK Storage | Month to Month Storage Unit Lease |

5. **CLAIMS NOT IN DEFAULT** — Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any.

   | Creditor | Description of Property |
   |---|---|
   | -NONE- | |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** — The trustee will cure defaults on the following claims secured only by a security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens. *All following entries are estimates.* The trustee will pay the actual amounts of default.

   | Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
   |---|---|---|---|---|---|
   | a. Wells Fargo Home Mortgage | $ 6,000.00 | $ 100.00 | 1 | 60 | $ 6,000.00 |
   | b. TOTAL | | | | | $ 6,000.00 |

7. **CLAIMS IN DEFAULT [§ 1322 (b)(3) and (5) and § 1322(e) ]** — The trustee will cure defaults on the following claims as set forth below. The debtor will pay for the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain liens, if any. *All following entries are estimates, except for interest rate.*

   | Creditor | Amount of Default | Int. rate (if applicable) | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
   |---|---|---|---|---|---|---|
   | -NONE- | $ | | $ | | | $ |
   | a. TOTAL | | | | | | $ 0.00 |

8. **OTHER SECURED CLAIMS; SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** — The trustee will pay, on account of the following allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM.

| | Creditor | Claim Amount | Secured Claim | Int. Rate | Beg. in Mo. # | (Monthly Pmnts) | x | (No. of Pmnts) | = | Pmnts on Account of Claim | + | (Adq. Prot. from ¶ 3) | = | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| a. | City of St. Cloud | $ 1,140.80 | $ 1,140.80 | 0 | 1 | $ 19.01 | | 60 | | $ 1,140.60 | | $ 0.00 | | $ 1,140.60 |
| b. | TOTAL | | | | | | | | | | | | | $ 1,140.60 |

9. **PRIORITY CLAIMS** — The trustee will pay in full all claims entitled to priority under § 507, including the following. *The amounts listed are estimates.* The trustee will pay the amounts actually allowed.

| | Creditor | Estimated Claim | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. | **Attorney Fees** | $ 2,500.00 | $ 104.17 | 1 | 24 | $ 2,500.00 |
| b. | **Internal Revenue Service** | $ 1.00 | $ 1.00 | 24 | 1 | $ 1.00 |
| c. | **MN Dept of Revenue** | $ 1.00 | $ 1.00 | 24 | 1 | $ 1.00 |
| d. | TOTAL | | | | | $ 2,502.00 |

10. **SEPARATE CLASSES OF UNSECURED CREDITORS** — In addition to the class of unsecured creditors specified in ¶ 11, there shall be separate classes of non-priority unsecured creditors described as follows: **-NONE-**
The trustee will pay the allowed claims of the following creditors. *All entries below are estimates.*

| | Creditor | Interest Rate (if any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|
| | -NONE- | | | | | | $ |
| a. | TOTAL | | | | | | $ 0.00 |

11. **TIMELY FILED UNSECURED CREDITORS** — The trustee will pay holders of nonpriority unsecured claims for which proofs of claim were timely filed the balance of all payments received by the trustee and not paid under ¶ 2, 3, 6, 7, 8, 9 and 10 their pro rata share of approximately $ **3,857.40** [line 1(d) minus lines 2, 6(b), 7(a), 8(a), 9(d) and 10(a)].

   a. The debtor estimates that the total unsecured claims held by creditors listed in ¶ 8 are $ **0.00**.

   b. The debtor estimates that the debtor's total unsecured claims (excluding those in ¶ 8 and ¶ 10) are $ **56,250.70**.

   c. Total estimated unsecured claims are $ **56,250.70** [line 11(a) + line 11(b)].

12. **OTHER PROVISIONS** —

   **St. Cloud HRA: Grant will be paid according to the terms of the grant directly to the creditor.**

   **Wells Fargo Home Mortgage will continue to send monthly statements directly to debtor.**

   **Title in any secured property will vest in the debtor upon payment of the secured portion of the creditor's claim and debtor's discharge. The debtor shall receive a discharge upon completion of the scheduled plan payments or upon payment of 100% of timely filed unsecured claims, whichever occurs first. Trustee shall not pay any untimely filed general unsecured creditors (excluding taxing authorities). Claims filed as secured but for which the plan makes no express provision shall be paid as unsecured claims as set forth in Paragraph 11 above.**

   **A proof of claim may be filed by any entity that holds a claim against the debtor for taxes that become payable to a governmental unit while the case is pending limited to only the tax year for which the bankruptcy case was filed. The trustee shall pay such claim as submitted as funds are available pursuant to 11 U.S.C. Statute 1305.**

   **The debtor shall send the Trustee each year during the Chapter 13 Plan, copies of his/her federal and state income tax returns at the time they are filed. If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out and pay the trustee the amount over $2,400 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit).**

**13. SUMMARY OF PAYMENTS** —

| | | |
|---|---|---:|
| Trustee's Fee [Line 2] | $ | **1,500.00** |
| Home Mortgage Defaults [Line 6(b)] | $ | **6,000.00** |
| Claims in Default [Line 7(a)] | $ | **0.00** |
| Other Secured Claims [Line 8(b)] | $ | **1,140.60** |
| Priority Claims [Line 9(d)] | $ | **2,502.00** |
| Separate Classes [Line 10(a)] | $ | **0.00** |
| Unsecured Creditors [Line 11] | $ | **3,857.40** |
| **TOTAL [must equal Line 1(d)]** | $ | **15,000.00** |

*Insert Name, Address, Telephone and License Number of Debtor's Attorney:*
**William P. Kain 143005**
**Kain & Scott, PA**
**13 7th Avenue South**
**St. Cloud, MN 56301**
**320-252-0330**
**143005**

Signed **/s/ Ricky Ray Schmatz**
**Ricky Ray Schmatz**
DEBTOR

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:                                                               Bkty. Case No: 14-44676

Ricky Ray Schmatz,

      Debtor.

## NOTICE OF CONFIRMATION HEARING

PLEASE TAKE NOTICE that the Confirmation Hearing on the Chapter 13 Plan is scheduled March 19, 2015 at 10:00 a.m., at the U.S. Bankruptcy Court, U.S. Courthouse, Courtroom 8 West, 8th Floor, 300 South 4th Street, Minneapolis, Minnesota 55415.

Dated this 13th day of February, 2015

                                                          KAIN & SCOTT, P.A.

                                                          /e/ WILLIAM P. KAIN-#143005
                                                          Attorney for Debtor
                                                          13 South Seventh Avenue
                                                          St. Cloud, Minnesota 56301
                                                          (320)252-0330

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re: BKY: 14-44676

Ricky Ray Schmatz,

    Debtor. Chapter 13

_____

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the Notice of Confirmation Hearing and Modified Chapter 13 Plan was served upon all parties electronically:

| | |
|---|---|
| U.S. Trustee | Kyle Carlson, Chapter 13 Trustee |
| 1015 U.S. Courthouse | PO Box 519 |
| 300 S 4th St | Barnesville MN 56514 |
| Minneapolis MN   55415 | |

And upon all parties in interest at the addresses set forth in the exhibit which is attached hereto, by first class mail:

on February 13, 2015.

Dated:  February 13, 2015                      KAIN & SCOTT, P.A.

                                                                 /e/ WILLIAM P. KAIN-#143005
                                                                  13 7th Avenue South
                                                                  St. Cloud, MN 56301
                                                                  (320) 252-0330

| | | |
|---|---|---|
| ABNER SALES<br>513 NORTH HWY 29<br>BENSON MN 56215 | BEVERLY SCHMATZ<br>1945 N BENTON DRIVE<br>#34<br>SAUK RAPIDS MN 56379 | CITY COUNCIL CHAMBERS<br>400 SECOND STREET S<br>SAINT CLOUD MN 56301 |
| CITY OF ST CLOUD<br>PO BOX 1501<br>SAINT CLOUD MN 56302-1501 | FARM BUREAU FINANCIAL SERVICES<br>PO BOX 9168<br>DES MOINES IA 50306-9168 | HEALTH & INSPECTIONS DEPARTMEN<br>400 2ND STREET SOUTH<br>SAINT CLOUD MN 56301 |
| HOME RETENTION DEPARTMENT<br>24755 CHAGRIN BLVD<br>SUITE 200<br>BEACHWOOD OH 44122 | INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | JAMES ROBERTS<br>5280 15TH AVE SE<br>SAINT CLOUD MN 56304 |
| JK STORAGE<br>SARTELL MN | MN DEPT OF REVENUE<br>ATTN: DENISE JONES<br>PO BOX 64447<br>SAINT PAUL MN 55164 | RIVERVIEW LAW OFFICE<br>PO BOX 570<br>SAUK RAPIDS MN 56379-0570 |
| SCHILLER AND ADAM PA<br>25 NORTH DALE STREET<br>SAINT PAUL MN 55102 | ST CLOUD HRA<br>1225 W ST GERMAIN<br>SAINT CLOUD MN 56301 | T MOBILE<br>PO BOX 790047<br>SAINT LOUIS MO 63179-0047 |
| UNITED RELIEF ALLIANCE<br>4600 TOUCHTON RD<br>STE 150<br>JACKSONVILLE FL 32216 | WELLS FARGO BANK<br>C/O SCHILLER & ADAM, P.A.<br>25 DALE STREET NORTH<br>SAINT PAUL MN 55102 | WEST ASSET MANAGEMENT<br>PO BOX 790113<br>SAINT LOUIS MO 63179-0113 |
| WFHM<br>7255 BAYMEADOWS WA<br>DES MOINES IA 50306 | WHITE MOUNTAINS SOLUTIONS<br>628 HEBRON AVE<br>BUILDING #2, SUITE 106<br>GLASTONBURY CT 06033 | |

(11/14)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re
**Ricky Ray Schmatz**

SIGNATURE DECLARATION
**(For use in electronically filed cases only)**

Debtor(s).

Case No. **14-44676**

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES AND STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☒ MODIFIED CHAPTER 13 PLAN
☐ OTHER (Please describe: _____ )

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney and provided in the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM\ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 1-6-15

X _____    X _____
Signature of Debtor or Authorized Representative    Signature of Joint Debtor

**Ricky Ray Schmatz**
Printed Name of Debtor or    Printed Name of Joint Debtor
Authorized Representative